IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-00263-01-CR-W-HFS |
| | ) | |
| WILLIAM HAROLD LAURSEN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM REGARDING RESTITUTION**

Subject to reconsideration at the final sentencing hearing, counsel should be advised of my current views regarding restitution to the victim referred to as "Vicky". This memorandum is based on a review of cases cited by counsel and consideration of the Government's expert testimony.

Where a defendant simply possesses and views child pornography prepared by others, recent district court rulings in the Eighth Circuit and elsewhere seem trending toward denial of restitution. See, e.g., the ruling by Chief Judge Reade in United States v. Woods, 689 F. Supp. 2d 1102 (N.D. Iowa 2010). The principal factor supporting denial of restitution is the great difficulty in carving out meaningful damage attributable to a single viewer, long after the filming of the victimization of the child. It is arguably arbitrary to assess separate damage from viewing from the much greater psychological harm perpetrated by the child's father. Causation of harm is also complicated in my judgment by the unlikelihood of recognition of an adult as the person filmed while ten years old. The fact that she has been identified, apparently by name, by another possessor of child pornography, and that he has publicized her identity, is arguably an unpredictable aggravation of

harm; it can also be argued, however, that such aggravation is within the risk assumed by persons engaged in the misconduct being penalized here.

The Government points out, however, that a considerable number of district judges have imposed restitution, often in the amounts sought here ($5,000 unless a prompt payment of $3,000 is made).

Almost none of the rulings, pro or con, seem to have been appealed, and only one appellate decision has been cited to the court. United States v. Baxter, 2010 WL 3452537 (9th Cir. No. 09-30364). The panel ruled summarily that the Government "met its burden of establishing proximate cause by showing how Vicky's harm was generally foreseeable to casual users of child pornography" like that defendant. The Ninth Circuit also sustained the district court's discretionary selection of $3,000 as the amount to be assessed to the defendant, under the statutory authority to "apportion liability among defendants". 18 U.S.C. § 3664(h). This seems analogous to the rough justice allowed in class action apportionment. The contention in Baxter was that the sum assessed "would cover 18 sessions, or one and one-half years of therapy." This analysis allows an estimated apportionment to avoid difficult or impossible causation rulings, while affirming the rather easy conclusion as to total damages and defendant's participation in viewer causation, also a fairly easy surmise.

The Baxter decision permits restitution in rather modest amounts without "reinventing the wheel" in connection with every sentencing in a case involving "Vicky". Even if the weight of trial court authority is to the contrary, I will accept Baxter as likely to be followed by the Eighth Circuit. Some years ago I noted "a longstanding practice" of the Circuit to follow a ruling of another circuit "on an unsettled question of federal law" unless the Circuit is "clearly convinced that it is wrong".

McDuffee v. United States, 769 F.2d 492 (8th Cir. 1985), referring to Holman v. United States, 279 F.2d 767, 773 (8th Cir.), cert. denied, 364 U.S. 866 (1960).

In my probable allowance of restitution for the reason stated I will offer a back-stop for the ruling, because I consider restitution as a factor which can be useful for deterrence purposes. I expect to use an alternative fine of $5,000, payable if the restitution order is set aside. As an incentive for prompt payment, if possible, I will use $5,000 as the amount of restitution (without the complication of interest) unless $3,000 is paid within thirty days of sentencing.

Reserving the right to reconsider these views at sentencing, an early notice of my current intentions may be helpful.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

September  27 , 2010

Kansas City, Missouri